No. 13-13106-C

# In the
# United States Court of Appeals
# for the Eleventh Circuit

United States of America,
*Plaintiff-Appellee,*

v.

Mark Myrie,
*Defendant-Appellant*

On Appeal from the United States District Court
for the Middle District of Florida
No. 8:09-cr-572-T-30TGW

## UNITED STATES' RESPONSE TO JURISDICTIONAL QUESTION

A. Lee Bentley, III
Acting United States Attorney

David P. Rhodes
Assistant United States Attorney
Chief, Appellate Division

Linda Julin McNamara
Assistant United States Attorney
Deputy Chief, Appellate Division
Florida Bar No. 0714887
400 N. Tampa St., Ste. 3200
Tampa, FL 33602
(813) 274-6000

August 22, 2013

*United States v. Mark Myrie*
No. 13-13106-C

# Certificate of Interested Persons and Corporate Disclosure Statement

The following persons have an interest in the outcome of this case:

1. Alkebu-Ian, Imhtep, Esq.;

2. Bentley, A. Lee, III, Acting United States Attorney;

3. Long, Jr., William H., Esq.;

4. Lumumba, Chokwe, Esq.;

5. Markus, David O., Esq.;

6. McNamara, Linda Julin, Assistant United States Attorney, Deputy Chief, Appellate Division;

7. Moody, Hon. James S., Jr., United States District Judge;

8. Myrie, Mark A., defendant-appellant;

9. Ogletree, Charles J., Esq.;

10. O'Neill, Robert E., former United States Attorney;

11. Preston, James C., Jr., Assistant United States Attorney;

12. Rhodes, David P., Assistant United States Attorney, Chief, Appellate Division;

13.	Seitles, Marc D., Esq.; and

14.	Wilson, Hon. Thomas G., United States Magistrate Judge.

C-2 of 2

Case: 13-13106     Date Filed: 08/22/2013     Page: 3 of 12

# In the United States Court of Appeals for the Eleventh Circuit

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee*,

v.                                                                                      No. 13-13106-C

MARK MYRIE,
    *Defendant-Appellant*

## United States' Response to Jurisdictional Question

The United States responds to the following jurisdictional question raised by this Court:

> Is the district court's June 26, 2013 order granting, in part, and denying, in part, Defendant's motion for new trial immediately appealable? *See* 28 § 1291; *see United States v. Martinez*, 763 F.2d 1297, 1308 (11th Cir. 1985) (noting that courts have held that a new trial order is interlocutory and does not meet the final judgment requirement of § 1291); *see also United States v. Futch*, 518 F.3d 887, 891–94 (11th Cir. 2008).

This Court has jurisdiction to entertain this appeal for the reasons discussed below.

## Background

Following a jury trial, Mark Myrie was convicted of conspiring to possess five kilograms or more of cocaine with intent to distribute it; possessing a firearm in furtherance of, and carrying it during and in relation to, that drug

crime; and aiding and abetting a coconspirator's use of a telephone to facilitate that drug crime. Doc. 280. The district court granted Myrie a judgment of acquittal on the gun count, and the United States appealed. Docs. 318, 321. This Court reversed the judgment of acquittal on the gun count but remanded the case to the district court to permit that court to rule on Myrie's alternative motion for new trial on that count. *See United States v. Myrie*, 479 F. App'x 898, 903–04; Doc. 378.

    On remand, the district court scheduled a hearing to sentence Myrie on the reinstated gun count. Doc. 398. But, before that hearing occurred, Myrie filed another motion for new trial based on newly discovered evidence of jury misconduct. Docs. 400, 403. After investigating the allegations and conducting several evidentiary hearings, the district court on June 26, 2013, granted Myrie's motion in part, awarding him a new trial on the gun count but not on the other two counts of conviction. Doc. 465. Myrie filed a notice of appeal from that order. Doc. 468.

    This Court has inquired whether the district court's June 26, 2013, order is final and appealable. For the reasons set forth below, the United States contends that it is.

2

**Argument**

Appellate courts are authorized to review "final decisions" of the district courts. 28 U.S.C. § 1291; *see United States v. Martinez*, 763 F.2d 1297, 1307–08 (11th Cir. 1985). A district court's decision is final and appealable only when it ends the litigation on the merits and leaves nothing for the court to do but to execute the judgment. *United States v. One Parcel of Real Prop.*, 767 F.2d 1495, 1497 (11th Cir. 1985). This final-judgment rule requires "that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S. Ct 669, 673 (1981). The final-judgment rule "is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation," and "this policy is at its strongest in the field of criminal law." *Flanagan v. United States*, 465 U.S. 259, 264, 104 S. Ct. 1051, 1054 (1984) (citations omitted). In a criminal case the rule prohibits appellate review until conviction and imposition of sentence. *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 166 (1937).

The Supreme Court has permitted departures from the final-judgment rule "only when observance of it would practically defeat the right to any review at all." *Id.* (quoting *Cobbledick v. United States*, 309 U.S. 323, 324–25, 60 S. Ct. 540, 540–41 (1940)). This "narrow exception" exists only for the "limited

category of cases falling within the 'collateral order' exception, so the order to be appealed must, at a minimum, meet three conditions. First, it must conclusively determine the disputed question; second, it must resolve an important issue completely separate from the merits of the action; third, it must be effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S. Ct. 2454, 2457 (1978)) (internal quotation marks omitted).

An order denying a motion for new trial based on newly discovered evidence is final and appealable. *Fallen v. United States*, 249 F.2d 94, 95 (5th Cir. 1957); *United States v. Lopez-Escobar*, 920 F.2d 1241, 143–44 (5th Cir. 1991). Therefore, in the ordinary case, Myrie would be free to appeal from that denial. *See Fallen*, 249 F.2d at 95. Here, however, the district court has only partially denied Myrie's motion; it also granted the motion, as to the gun count, so the trial as to that count—and the case—remains uncompleted. *See* Doc. 465.

This Court has not resolved how to handle this scenario. Other Circuits facing similar situations have reached differing results. In *United States v. Kaufmann*, 951 F.2d 793 (7th Cir. 1992), the appealing defendant had been found guilty and sentenced on one count; he was awaiting retrial on other counts following a mistrial resulting from a hung jury. (The government had

4

announced that it did not intend to retry those counts if the single conviction were upheld on appeal. *Id.* at 795.) The Seventh Circuit dismissed the appeal for lack of jurisdiction, as "there is no final, appealable judgment." *Id.* "[A] defendant may not appeal a single count until final judgment is imposed upon all the counts that were considered together in a single criminal trial." *Id.* (quoting *United States v. Kalinowski*, 890 F.2d 878, 882 n.5 (7th Cir. 1989)). "Otherwise, this court would be required to hear multiple appeals on the closely-related counts in one indictment, thus burdening the legal system for no purpose." *Id.*

And, in *United States v. Leichter*, 160 F.3d 33, 34 (1st Cir. 1998), the district court had separated for trial one count of a multi-count indictment. Following a guilty verdict and sentence on that count, with the remaining counts unresolved, the defendants appealed. The First Circuit held that it lacked jurisdiction "due to the presence of 38 untried counts, which precludes the issuance of a final judgment against [the defendants]." *Id.* at 35. The Court, however, "note[d] that the district court has stayed the execution of appellants' sentences for the Count One conviction," explaining that it might have reached a different result if the appellants were "languishing in jail awaiting trial on the remaining counts." *Id.* at 37.

On the other hand, in *United States v. Abrams*, 137 F.3d 704, 706 (2d Cir. 1998), the defendant had been sentenced on three counts of conviction, but the court had declared a mistrial on the other ten counts, which remained outstanding. (Once again, the government had represented that it did not intend to retry the outstanding counts if the convictions were affirmed. *Id.* at 707.) The Second Circuit held that it had jurisdiction: "Although the litigation as framed in the indictment may not yet have run its course, the counts of conviction have been resolved and the sentence is ready for execution. The unresolved counts have in effect been severed, and will be resolved another time in a separate judgment." *Id.* The Court thought that the Seventh Circuit's approach in *Kaufmann* would "substantially delay the execution of a valid conviction and sentence, force trials that may never be needed, and impose expense and burden on the prosecution and the defense—undesirable results that are not mandated by the jurisdictional statute." *Id.*

And in *United States v. King*, 257 F.3d 1013 (9th Cir. 2001), where the defendant had pleaded guilty and been sentenced on some counts of the indictment, while others remained unresolved, the Ninth Circuit similarly held that it had jurisdiction over his appeal from those counts of conviction. "King's pleading guilty to a subset of charges in effect severed the indictment into two

6

parts [and b]ecause the court imposed sentence on counts 24 through 42, King was entitled to appeal the sentence despite the pending charges." *Id.* at 1020. The Court explained that "the court's interest in ensuring a defendant has the right to appeal a sentence when he begins serving it outweighs the government's concerns about piecemeal appellate review." *Id.* at 1021.

    We think that the order denying a new trial as to the counts on which Myrie already has been sentenced (and is serving his sentence) is appealable. No more work has to be done with respect to those counts. The remaining count presumably will be held in abeyance pending the outcome of this appeal. If the district court's order is affirmed, the case as to the gun count will proceed in the normal course in the district court. If it is reversed, Myrie's retrial will encompass all three counts. But, if Myrie cannot appeal now and must wait until he is retried on the gun count (and is either acquitted or sentenced) before doing so, a reversal then of the order denying a new trial will result in yet another trial (which would be the *fourth* one in this case).[1] An appeal now, from the final order denying a new trial as to those two counts, will serve the goal of

---

[1] Myrie's first trial ended in a hung jury. Doc. 157.

judicial economy by preventing the possibility of further piecemeal litigation in this case.

Therefore, in our view, this Court has jurisdiction to entertain this appeal.

>Respectfully submitted,
>
>A. LEE BENTLEY, III
>Acting United States Attorney
>
>DAVID P. RHODES
>Assistant United States Attorney
>Chief, Appellate Division
>
>By:  *s/ Linda Julin McNamara*
>LINDA JULIN MCNAMARA
>Assistant United States Attorney
>Deputy Chief, Appellate Division
>Florida Bar No. 0714887
>400 N. Tampa St., Ste. 3200
>Tampa, FL 33602
>(813) 274-6000
>linda.mcnamara@usdoj.gov

8

## Certificate of Service

I certify that a copy of this response and the notice of electronic filing was sent by United States mail on August 22, 2013, to:

CHARLES J. OGLETREE, JR.
516 Hauser Hall
1575 Massachusetts Ave.
Cambridge, MA 02138

*Counsel for Mark Myrie*

                                                *s/ Linda Julin McNamara*
                                                LINDA JULIN MCNAMARA
                                                Assistant United States Attorney